**NOT FOR PUBLICATION**

JUN 26 2014

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| QUN CHEN; FENG CAI, | No. 12-73824 |
| Petitioners, | Agency Nos.     A089-561-340 |
| | A089-561-341 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 25, 2014[**]

Before:     HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Qun Chen and Feng Cai, natives and citizens of China, petition for review of

the Board of Immigration Appeals' order dismissing their appeal from an

immigration judge's decision denying their application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on findings that it was implausible Chen did not know or remember the names of the other church members who were beaten, the omission from her declaration of the fact that the police visited her home after she was released from detention, and the inconsistency between her testimony and the documentary evidence regarding when she was released from detention. *See id.* at 1048 (adverse credibility determination was supported by the "totality of the circumstances"). The record does not compel acceptance of Chen's explanations. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, petitioners' asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because petitioners' CAT claim is based on the same testimony the agency found not credible, and they point to no other evidence showing it is more likely

than not they will be tortured if returned to China, their CAT claim also fails. *See*

*id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**